**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**

February 17, 2010

Alan L. Krumholz
Krumholz Dillon PA
574 Summit Avenue
Suite 402
Jersey City, New Jersey 07306
    (*Attorney for Plaintiff*)

Alan Muraidekh
Hodgson Russ LLP
60 East 42nd Street
37th Floor
New York, New York 01065
    (*Attorneys for Defendant Norfolk Southern Railroad Company*)

    RE:   **Daly v. Norfolk Southern Railroad Co., et al.**
            **Civ. No. 09-4609 (WJM)**

Dear Counsel:

    This is a wrongful death and survival action, asserted in part under the Federal Employee Liability Act ("FELA"). Defendant Norfolk Southern Railroad Company ("Norfolk Southern") removed this action to federal court on September 8, 2009. After review of the papers, this Court questioned the propriety of the removal *sua sponte* at a hearing on December 17, 2009. At the hearing, the Court invited the parties to submit supplemental briefing addressing whether a FELA action, which is removed contrary to 28 U.S.C. § 1445(a), may remain in Federal court after Plaintiff fails to object to removal within the thirty-day period set forth in 28 U.S.C. § 1447(c). For the reasons that follow, the Court holds that Plaintiff's failure to object to Defendant Norfolk Southern's

improper removal waived this procedural defect.  Accordingly, this case, while removed in clear contravention of 28 U.S.C. § 1445(a), will not be remanded.  In addition, the Court grants Plaintiff leave to file her amended complaint within thirty days.

I.      BACKGROUND

The decedent, Sean Daly, was an employee of Intermodal Ramp Management, Inc. ("Intermodal"), assigned to work at a Norfolk Southern site in Elizabeth, NJ.  While at this work site, Daly suffered a fatal accident on August 11, 2008.  Following his death, Daly's wife brought the instant action against Norfolk Southern and Intermodal in the N.J. Superior Court, which then was removed to federal court by Norfolk Southern.[1]

In lieu of an answer, Norfolk Southern filed a motion to dismiss on September 14, 2009.  After reviewing the papers, the Court held a hearing and questioned *sua sponte* whether removal of this FELA action was proper.  In addition, the Court noted at the hearing that Plaintiff attached an amended complaint to his opposition briefing on the motion to dismiss.  Plaintiff's attorney indicated at that time that he wished to file that amended complaint.

II.     DISCUSSION

A.      Complaint Should Not Be Remanded

An action brought under FELA in state court is not removable.  *See* 28 U.S.C. 1445(a) ("A civil action in any State court against a railroad … arising under [FELA], may not be removed to any district court of the United States.").  However, removal in violation of a statutory provision does not deprive a district court of subject matter jurisdiction, provided that the court would have had original jurisdiction over the matter had it been filed in federal court in the first instance.  *See Korea Exch. Bank v. Trackwise*

---

[1] Intermodal has not filed a notice of appearance before this Court.  Norfolk Southern states in its notice of removal that it does not know whether Intermodal has been served.  If Intermodal had not been served at the time of removal, then it did not have to appear on the notice of removal.  Instead, it would have thirty days after service to either join in the notice of removal or otherwise formally manifest its consent to the Court.  *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("There are exceptions to the rule requiring that all defendants join in the removal petition. One exception arises when a non-resident defendant has not been served at the time the removing defendants file their petition. In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding.").

*Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)).  Here, this court would have had original jurisdiction over this case – either under diversity jurisdiction or federal question jurisdiction.

Accordingly, while removal by Norfolk Southern in this instance was plainly improper, it was a procedural defect.  *See Korea Exch. Bank*, 66 F.3d at 50 ("Thus, there is no dispute that this case could have been filed originally in federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The invocation of the removal machinery … while error, is not a 'jurisdictional' defect under relevant Supreme Court precedent. Rather, it is a 'defect in removal procedure' which can be waived.").  Plaintiff's failure to object to this procedural defect within the statutory period – thirty days – rendered this defect waived.  *Id.* at 51 (citing the thirty-day period for objection to removal in 28 U.S.C. § 1447(c)).  As such, this matter will not be remanded.

  B. <u>Parties Should Proceed With the Amended Complaint</u>

At the December 17, 2009 hearing, the Court discussed the amended complaint attached to Plaintiff's opposition with the parties.  After Plaintiff's counsel indicated to the Court that he wished to file the amended complaint, the Court granted Defendant time to review the document.  After this, Defendant submitted a letter brief, arguing that the amended complaint fails to state a claim upon which relief can be granted.  (Docket No. 19).

At this point, the Court grants Plaintiff leave to file her amended complaint.  *See* Fed. R. Civ. P. 15(a)(2) (providing that a "court should freely give leave" to a party to amend its complaint "when justice so requires").  The Court notes that amendment should ordinarily be permitted absent a showing of "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, Defendant's letter brief offers no reason to jettison Rule 15(a)(2)'s liberal amendment policy.  There has been no showing of undue delay, bad faith, or undue prejudice by Defendant Norfolk Southern; instead, Defendant argues that the amended complaint fails to state a claim.  This argument may be re-asserted on a motion to dismiss; it does not bar Plaintiff from filing the amended complaint.  Accordingly, the Court grants Plaintiff leave to file her amended complaint within thirty days.

### III.  CONCLUSION

For the foregoing reasons, the instant action shall not be remanded to state court. Further, the Court grants Plaintiff leave to file her amended complaint within thirty (30) days. An Order accompanies this Letter Opinion.

 /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**
