# U N I T E D   S T A T E S   D I S T R I C T   C O U R T
## D I S T R I C T   O F   N E W   J E R S E Y



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
      JUDGE

## <u>LETTER OPINION</u>

August 19, 2010


Alan L. Krumholz
Krumholz Dillon PA
574 Summit Avenue
Suite 402
Jersey City, New Jersey 07306
    (*Attorney for Plaintiff Rhonda Daly*)


Alan Muraidekh
Hodgson Russ LLP
60 East 42nd Street
37th Floor
New York, New York 01065
    (*Attorney for Defendant Norfolk Southern Railroad Company*)


     **RE:   Daly v. Norfolk Southern Railroad Company, et al.**
              **Civ. No. 09-4609 (WJM)**

Dear Counsel:

    This is a wrongful death and survival action, brought under the Federal Employee Liability Act ("FELA"). Defendant Norfolk Southern Railroad Company ("Norfolk Southern") filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to plead that Sean Daly, the decedent, was an "employee" of Norfolk Southern as required for FELA liability. There was no oral argument. Fed. R. Civ. P. 78. For the reasons that follow, Defendant Norfolk Southern's motion to dismiss is denied.

## I.   BACKGROUND

Sean Daly was an employee of Intermodal Ramp Management, Inc. ("Intermodal"), assigned to work at a Norfolk Southern site in Elizabeth, New Jersey on August 11, 2008. (Am. Compl. ¶ 6.)  While at this work site, Daly was crushed to death by a piece of machinery.  Following his death, Daly's wife, Plaintiff Rhonda Daly, brought the instant action against Norfolk Southern and Intermodal in the New Jersey Superior Court as the administrator of her husband's estate. Norfolk Southern then removed the action to federal court,[1] and on March 2, 2010, Plaintiff filed an amended complaint.  The instant motion to dismiss pertains to this amended complaint.

## II.   DISCUSSION

Plaintiff Rhonda Daly's three-count amended complaint seeks recovery under FELA on behalf of: (1) Sean Daly, for the personal injuries and pain suffered as a result of the accident; (2) herself, for loss of consortium and pecuniary loss;[2] and (3) Sean Daly's children, for emotional and pecuniary damages.  Defendant Norfolk Southern moves to dismiss this complaint in its entirety, arguing that Plaintiff has failed to plead the requisite elements of a FELA cause of action.

### A.   Rule 12(b)(6) Standard

In evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir.

---

[1] Intermodal has not filed an answer or otherwise appeared in this action.

[2] Plaintiff concedes in her briefing that the loss of consortium claim set forth in count two is unavailing under FELA.  *See* Pl.'s Mem. 29; *see also Kelsaw v. Union Pacific R. Co.*, 686 F.2d 819, 820 (9th Cir. 1982) (holding that injured railroad worker's spouse could not recover for loss of consortium under FELA); *Quitmeyer v. Southeastern Penn. Transp. Auth.*, 740 F. Supp. 363, 370 (E.D. Pa. 1990) (same).  Accordingly, Plaintiff's loss of consortium claim is dismissed. Conversely, since pecuniary damages are recoverable under FELA, Plaintiff's demand for such in counts two and three shall not be dismissed. *See In re Complaint of J.A.R. Barge Lines, L.P.*, 307 F. Supp. 2d 668, 671 n.2 (W.D. Pa. 2004); *see also Michigan Cent. R. Co. v. Vreeland*, 227 U.S. 59, 70 (1913).

1998).  This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..."  *Iqbal*, 129 S.Ct. at 1949 (2009).

B.    "Employment" Element Under FELA

To plead a cause of action under FELA, the plaintiff must set forth the following elements: (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) the plaintiff [or here, the decedent] was employed by the defendant and assigned to perform duties which furthered such commerce; (3) plaintiff's [decedent's] injuries were sustained while the plaintiff [decedent] was employed by the common carrier; and (4) the injuries resulted from the defendant's negligence. *See* 45 U.S.C. § 51; *Felton v. Southeastern Penn. Transp. Auth.*, 952 F.2d 59, 63 (3d Cir. 1991). Defendant Norfolk Southern contends that this action must be dismissed for failure to state a claim since Sean Daly was not "employed" by the railroad.  Thus, this motion turns on the second and third FELA elements, requiring the Court to determine whether Plaintiff has sufficiently pled that Sean Daly was employed by Norfolk Southern.

The complaint does not allege that Sean Daly was directly employed by Norfolk Southern; however, direct employment is not required to satisfy the second and third FELA prongs.  The employment requirement is also satisfied by those who serve as (1) a borrowed servant; (2) a dual servant; or (3) a sub-servant of the railroad. *See Kelley v. Southern Pac. Co.*, 419 U.S. 318, 324 (1974).  In her amended complaint, Plaintiff alleges that Sean Daly was "employed" as a sub-servant of Norfolk Southern. (Am. Compl. ¶ 5.) In support of this allegation, Plaintiff states that: "Norfolk Southern and Intermodal were engaged in a contractual relationship with one another under which Intermodal performed functions, duties, and activities on behalf of the railroad operations of Norfolk Southern."

(Am. Compl. ¶ 3.)  Further, on the day of the accident, the complaint asserts that Sean Daly worked for Intermodal at a facility owned by Intermodal and Norfolk Southern and the equipment involved in the accident under the control of Intermodal and Norfolk Southern. (Am. Compl. ¶¶ 6, 8.)

In response, Norfolk Southern disputes Plaintiff's assertion that Sean Daly was a sub-servant and invites the Court to consider facts and argument extrinsic to the amended complaint through the Affidavit of Maureen Severini and the Declaration of Alan Muraidekh.[3]  For the purposes of a Rule 12(b)(6) motion, however, the Court must confine itself only to the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Thus, viewing Plaintiff's allegations as set forth in the complaint in the light most favorable to her, the Court finds that Plaintiff has sufficiently pled that Daly was "employed" by Norfolk Southern.  Plaintiff has alleged that Daly was the sub-servant of Norfolk Southern as an employee of Intermodal.  (Am. Compl. ¶ 5.)  While Norfolk Southern would have Plaintiff make more detailed factual allegations regarding Daly's supervision and management at the site, no such particularized allegations are required at this procedural juncture.  Instead, these are facts more appropriate for development through discovery.  While Plaintiff perhaps could have pled her FELA claim more artfully, the Court finds nonetheless that Plaintiff has stated a FELA claim for relief.

## III.   CONCLUSION

For the foregoing reasons, Defendant Norfolk Southern's motion to dismiss is **DENIED**.  An Order follows this Letter Opinion.

  /s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

---

[3] For example, the Severini Affidavit and Muraidekh Declaration detail work conditions at the Norfolk Southern site around the time of Daly's fatal accident.  *See, e.g.,* Severini Aff. ¶¶ 6, 18; Muraidekh Decl. 7, 14.   Such allegations are clearly outside the pleadings in this instance and cannot be considered on a motion to dismiss.  Further, this Court declines to convert Defendant's 12(b)(6) motion into a motion for summary judgment.